# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PETER P. QUARELLI,

                 Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

                 Defendant.

1:16-cv-04119-NLH

**OPINION**

**APPEARANCES:**

ALAN H. POLONSKY
POLONSKY AND POLONSKY
512 S WHITE HORSE PIKE
AUDUBON, NJ 08106
     On behalf of Plaintiff

RAFAEL MELENDEZ
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
SIXTH FLOOR
PHILADELPHIA, PA 19123
     On behalf of Defendant

**HILLMAN**, District Judge

This matter comes before the Court pursuant to Section 205(g)
of the Social Security Act, as amended, 42 U.S.C. § 405(g),
regarding Plaintiff's application for Disability Insurance
Benefits ("DIB") and Supplemental Security Income ("Social
Security benefits") under Title II and Title XVI of the Social
Security Act.  42 U.S.C. § 401, et seq.  The issue before the
Court is whether the Administrative Law Judge ("ALJ") erred in

finding that there was "substantial evidence" that Plaintiff was
not disabled at any time since his alleged onset date of
disability, January 5, 2012.  For the reasons stated below, this
Court will reverse that decision and remand the matter for further
consideration.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On December 19, 2012, Plaintiff, Peter P. Quarelli, applied
for benefits alleging disability since January 5, 2012.
Plaintiff's impairments include depression, anxiety, post-
traumatic stress disorder, lumbar degenerative disc disease,
obesity, history of alcohol abuse, and cognitive disorder.
Plaintiff previously owned a restaurant and served as a food
service manager, car salesperson, sales clerk, and advertising
sales representative.

After the state agency denied Plaintiff's application,
Plaintiff requested an administrative hearing.  A hearing before
an ALJ was held on January 16, 2015, and a supplemental video
hearing was held on April 21, 2015.  On June 19, 2015, the ALJ
issued his decision, which determined that Plaintiff was not
disabled.  On June 1, 2016, the Appeals Council denied Plaintiff's
request for review, rendering the ALJ's decision the final
decision of the Commissioner.  Plaintiff brings this civil action

for review of the Commissioner's decision.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).

"[A] court must 'take into account whatever in the record fairly detracts from its weight.'" <u>Schonewolf v. Callahan</u>, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting <u>Willbanks v. Secretary of Health & Human Servs.</u>, 847 F.2d 301, 303 (6th Cir. 1988) (quoting <u>Universal Camera Corp. V. NLRB</u>, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." <u>Ogden v. Bowen</u>, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing <u>Brewster v. Heckler</u>, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 122 (3d Cir. 2000).  Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  <u>Id.</u> (citing <u>Van Horn v. Schweiker</u>, 717 F.2d 871, 873 (3d Cir. 1983)); <u>Cotter v. Harris</u>, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all
> evidence and has sufficiently explained the
> weight he has given to obviously probative
> exhibits, to say that his decision is
> supported by substantial evidence approaches
> an abdication of the court's duty to
> scrutinize the record as a whole to determine
> whether the conclusions reached are rational.

4

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although an
ALJ, as the fact finder, must consider and evaluate the medical
evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no
requirement that the ALJ discuss in its opinion every tidbit of
evidence included in the record," Hur v. Barnhart, 94 F. App'x
130, 133 (3d Cir. 2004). In terms of judicial review, a district
court is not "empowered to weigh the evidence or substitute its
conclusions for those of the fact-finder." Williams, 970 F.2d at
1182. However, apart from the substantial evidence inquiry, a
reviewing court is entitled to satisfy itself that the
Commissioner arrived at his decision by application of the proper
legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker,
721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp.
791, 793 (D.N.J. 1981).

B.    Standard for Disability Insurance Benefits

The Social Security Act defines "disability" for purposes of
an entitlement to a period of disability and disability insurance
benefits as the inability to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which can be expected to result in death, or
which has lasted or can be expected to last for a continuous

5

period of not less than 12 months.  See 42 U.S.C. §

1382c(a)(3)(A).  Under this definition, a Plaintiff qualifies as

disabled only if his physical or mental impairments are of such

severity that he is not only unable to perform his past relevant

work, but cannot, given his age, education, and work experience,

engage in any other type of substantial gainful work which exists

in the national economy, regardless of whether such work exists in

the immediate area in which he lives, or whether a specific job

vacancy exists for him, or whether he would be hired if he applied

for work.  42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations for determining

disability that require application of a five-step sequential

analysis.  See 20 C.F.R. § 404.1520.  This five-step process is

summarized as follows:

> 1.  If the claimant currently is engaged in substantial
>     gainful employment, he will be found "not disabled."
>
> 2.  If the claimant does not suffer from a "severe
>     impairment," he will be found "not disabled."
>
> 3.  If the severe impairment meets or equals a listed
>     impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1
>     and has lasted or is expected to last for a continuous
>     period of at least twelve months, the claimant will be
>     found "disabled."
>
> 4.  If the claimant can still perform work he has done in
>     the past ("past relevant work") despite the severe
>     impairment, he will be found "not disabled."

> 5. Finally, the Commissioner will consider the claimant's
>    ability to perform work ("residual functional
>    capacity"), age, education, and past work experience to
>    determine whether or not he is capable of performing
>    other work which exists in the national economy.  If he
>    is incapable, he will be found "disabled."  If he is
>    capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore

dependent upon a finding that the claimant is incapable of

performing work in the national economy.

   This five-step process involves a shifting burden of proof.

See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150,

1153 (3d Cir. 1983).  In the first four steps of the analysis, the

burden is on the claimant to prove every element of his claim by a

preponderance of the evidence.  See id.  In the final step, the

Commissioner bears the burden of proving that work is available

for the Plaintiff: "Once a claimant has proved that he is unable

to perform his former job, the burden shifts to the Commissioner

to prove that there is some other kind of substantial gainful

employment he is able to perform."  Kangas v. Bowen, 823 F.2d 775,

777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d

Cir. 1983).

## C.  Analysis

   Plaintiff was born January 12, 1955 and is currently sixty-

one years old.  On the alleged onset date of January 5, 2012, he

was fifty-six years old, which is defined as an individual of advanced age. The ALJ found he was insured for Social Security Disability benefits through December 31, 2013, but that Plaintiff worked at the substantial gainful activity ("SGA") level from January 2013 through December 2013.[1] Because there were continuous 12-month periods where Plaintiff did not engage in SGA, the ALJ only considered Plaintiff's condition during those periods of time.

The ALJ found that the following impairments were severe: depression, anxiety, post-traumatic stress disorder, lumbar degenerative disc disease, obesity, history of alcohol abuse, and cognitive disorder. The ALJ then found that these impairments were not of a level of severity that met or equaled the level of severity of the Listings of Impairments. The ALJ then concluded that because of the impairments he found, Plaintiff was limited to "medium work as defined in 20 CFR 404.1567(c) and 416.967(c), meaning that the claimant can lift up to fifty pounds occasionally and lift or carry up to twenty-five pounds frequently. The claimant is also limited to work to [sic] unskilled and only occasional changes in the work setting with only occasional

_____

[1] As discussed in depth below, the determination of whether Plaintiff engaged in substantial gainful employment affects the determination of whether Plaintiff is disabled.

interaction with the public and coworkers." (R. at 46, 48.)

Based upon this residual functional capacity, the ALJ found that Plaintiff could not return to any of his past work. Consideration then turned to the question of disability at Step Five of the sequential evaluation process, where the ALJ determined Plaintiff was of advanced age (55 or more) and had at least a high school education. After posing hypothetical questions to the Vocational Expert, the ALJ found that a person with Plaintiff's limitations would be able to perform the tasks of a cleaner/housekeeper, routing clerk, photocopying machine operator, automobile detailer, kitchen helper, and hand packager, with only occasional changes in the work setting, and with only occasional interaction with the public and coworkers. Based on these findings, the ALJ determined that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act from the alleged onset date of January 5, 2012, through the date of his decision.

Plaintiff raises three issues on appeal: (1) Whether the ALJ erred when he calculated Plaintiff's SGA and did not consider Plaintiff's condition during the alleged SGA periods; (2) Whether the ALJ erred when he determined Plaintiff's residual functional capacity; and (3) Whether the ALJ erred at Step Five when he

determined that there were a significant number of alternate jobs that Plaintiff was able to perform.  The Court finds that substantial evidence does not support the ALJ's Step One analysis regarding Plaintiff's alleged substantial gainful activity in 2013, and the matter must be remanded on that basis.[2]

Even though Plaintiff's alleged onset date of disability was January 5, 2012, the ALJ determined that Plaintiff engaged in SGA from January 2013 through December 2013.  If an individual has earnings from employment above a certain level, it is presumed that he has demonstrated the ability to engage in SGA, which shows

_____

[2] Because the Court finds that the ALJ erred on the Step One SGA analysis and that error warrants remand, the Court need not consider Plaintiff's other two arguments.  See, e.g., Beeks v. Commissioner, 363 F. App'x 895, 897, 2010 WL 381459, at *2 (3d Cir. 2010) (finding that the ALJ failed to consider (or mention) that the claimant's earnings after the alleged onset of her disability were less than the average monthly allowance for presumed substantial activity, and because the ALJ failed to recognize this issue and consider it in his step one analysis, the court vacated and remanded the matter to the Commissioner); King v. Colvin, 2015 WL 1870755, at *21 (N.D. Cal. 2015) ("[T]he Commissioner contends that the ALJ determined on the basis of substantial evidence in the record at step three that Plaintiff had no severe impairment, so any error in the step one substantial gainful activity analysis is harmless.  But given the errors identified [] that call into question the ALJ's weighing of the medical evidence, this argument is unavailing; if the ALJ erred in weighing the medical evidence relied on to create an RFC used to determine whether Plaintiff could work and might have reached a different conclusion at that step after properly weighing the evidence, then the ALJ's conclusion at step one might be material to the ultimate result.").

that he is not disabled regardless of how severe his physical or

mental impairments are.  <u>See</u> R. at 44 (citing 20 C.F.R. §§

404.1574, 404.1575, 416.974, 416.975).  The ALJ found:

> A review of the record indicated the claimant earned
> $12,627.00 in 2013 (Exhibits 4D-9D).  Hence, the average of
> the claimant's 2013 earnings exceeded the 2013 substantial
> gainful activity limit of $1,040.00 per month (20 CFR
> 404.1574 and 416.1574).  As such, the undersigned finds the
> claimant engaged in substantial gainful from January 2013
> through December 2013.  Additionally, the undersigned has
> also considered the claimant's work after the alleged onset
> date as one factor when discussing the claimant's symptoms
> and the credibility of his allegations and subsequently finds
> that the claimant's allegations of a total inability to work
> are less credible.

(R. at 45.)  As a result of this finding, the ALJ did not consider

whether Plaintiff was disabled from January 5, 2012 through

December 2013, which is a period of two years, although the ALJ

used Plaintiff's purported SGA to assess Plaintiff's credibility

as to his disability after December 2013.

Plaintiff argues that the ALJ erred in his SGA calculation

and his subsequent analysis of Plaintiff's disability based on

that erroneous calculation.  The starting point for the

calculation of SGA is 20 C.F.R. § 404.1574.  "Generally, in

evaluating your work activity for substantial gainful activity

purposes, our primary consideration will be the earnings you

derive from the work activity.  We will use your earnings to

determine whether you have done substantial gainful activity

unless we have information from you, your employer, or others that shows that we should not count all of your earnings." 20 C.F.R. § 404.1574(a)(1). If, however, a claimant's "average monthly earnings are equal to or less than the amount(s) determined under paragraph (b)(2) of this section for the year(s) in which you work, we will generally consider that the earnings from your work as an employee . . . will show that you have not engaged in substantial gainful activity." Id. § 404.1574(b)(3).

"Ordinarily, work you have done will not show that you are able to do substantial gainful activity if, after you worked for a period of 6 months or less, your impairment forced you to stop working or to reduce the amount of work you do so that your earnings from such work fall below the substantial gainful activity earnings level in paragraph (b)(2) of this section, and you meet the conditions described in paragraphs (c)(2), (3), and (4) of this section." Id. § 404.1574(c)(1).

Here, the ALJ determined that Plaintiff earned $12,627.00 in 2013, during which time Plaintiff worked at the Home Depot as a salesperson for three months and a car salesperson for less than five months.[3] The ALJ combined the income from these two jobs and

_____

[3] Plaintiff points out that in 2014 he worked at a company called "Ugly Baby" through a state program, but that employment only lasted as long as the state grant paid his salary. The ALJ's

12

divided the sum by twelve to determine that Plaintiff earned

$1,040.00 per month in 2013, which monthly total exceeds the SGA

level.  See id. § 404.1574(b)(2).[4]

Plaintiff argues that the ALJ's calculation is incorrect in

two ways.  First, Plaintiff argues that the ALJ erred by averaging

his two periods of employment in combination rather than assessing

them separately.  Second, Plaintiff argues that his employment

does not count as SGA because his impairments forced him to stop

working – i.e., he was terminated from employment because of his

_____

decision does not mention this employment or affirmatively
determine that it did not constitute SGA.  Plaintiff contends that
this work constitutes a "trial work period," which does not count
as SGA.  See 20 C.F.R. § 404.1592 (explaining that during a trial
work period, a beneficiary receiving Social Security disability
benefits may test his or her ability to work and still be
considered disabled. We do not consider services performed during
the trial work period as showing that the disability has ended
until services have been performed in at least 9 months (not
necessarily consecutive) in a rolling 60-month period).  The Court
does not need to address this argument, as presumably the ALJ will
consider it on remand when revisiting his SGA analysis.

[4] Applying the ALJ's calculation, Plaintiff's monthly earnings for
2013 were $1,052.25, $12.25 above the SGA limit.  See 20 C.F.R. §
404.1574(b)(2) ("Beginning January 1, 2001, and each year
thereafter, the average more than the larger of: (A) The amount
for the previous year, or (B) An amount adjusted for national wage
growth, calculated by multiplying $700 by the ratio of the
national average wage index for the year 2 calendar years before
the year for which the amount is being calculated to the national
average wage index for the year 1998. We will then round the
resulting amount to the next higher multiple of $10 where such
amount is a multiple of $5 but not of $10 and to the nearest
multiple of $10 in any other case.").

unsatisfactory performance arising out of his inability to control his anger and other mental disabilities.

According to 20 C.F.R. § 404.1574a(a), for work that was "continuous without significant change in work patterns or earnings, and there has been no change in the substantial gainful activity earnings levels, we will average your earnings over the entire period of work requiring evaluation to determine if you have done substantial gainful activity." However, if a claimant's "work over a period of time during which the substantial gainful activity earnings levels change, we will average your earnings separately for each period in which a different substantial gainful activity earnings level applies," or if "there is a significant change in your work pattern or earnings during the period of work requiring evaluation, we will average your earnings over each separate period of work to determine if any of your work efforts were substantial gainful activity." 20 C.F.R. § 404.1574a(b), (c).

In addition to the calculation of SGA, the Commissioner is required to:

> Consider how well you do your work when we determine whether
> or not you are doing substantial gainful activity. If you do
> your work satisfactorily, this may show that you are working
> at the substantial gainful activity level. If you are unable,
> because of your impairments, to do ordinary or simple tasks
> satisfactorily without more supervision or assistance than is

usually given other people doing similar work, this may show
that you are not working at the substantial gainful activity
level.  If you are doing work that involves minimal duties
that make little or no demands on you and that are of little
or no use to your employer, or to the operation of a business
if you are self-employed, this does not show that you are
working at the substantial gainful activity level.

20 C.F.R. § 416.973(b).

The Court finds that the ALJ's decision as to Plaintiff's SGA

is not supported by substantial evidence because the decision

lacks any substantive analysis to explain why Plaintiff's two jobs

in 2013 (1) did not constitute a significant change in work

pattern or earnings so that they should be averaged, and (2) how

Plaintiff performed those positions in a satisfactory manner not

measurably impacted by his impairments.

Even though "[t]here is little case law establishing what

constitutes a 'significant change' under the applicable

regulations," Proffitt v. Colvin, 2017 WL 536076, at *3 (W.D. Va.

2017), courts that have considered the issue have found that when

a claimant's work pattern is not continuous, the claimant's

monthly earnings are determined for the period actually worked,

rather than averaged over the course of a calendar year, see,

e.g., Ramirez v. Colvin, 2014 WL 292016, at *3 (C.D. Cal. 2014)

(citing Robinson v. Astrue, No. 10-CV-8111, 2011 WL 4634235, at

*10 (C.D. Cal. Oct. 6, 2011) (holding that Plaintiff's claim that

"average monthly income is defined as annual income divided by twelve months, regardless of the number of months she actually worked" was inconsistent with the language of the regulations); Underwood v. Comm'r of Soc. Sec., No. 12–CV–391, 2013 WL 1748050 (M.D. Fla. Apr. 4, 2013) report and recommendation adopted, 2013 WL 1749798 (M.D. Fla. Apr. 23, 2013) ("Because [claimant's] work as a telemarketer was not continuous, averaging his earnings over the entire year does not accurately reflect whether his work was SGA."); Anderson v. Heckler, 726 F.2d 455, 457 (8th Cir.1984) ("A proper reading of the regulation requires that the decision maker average the wages earned by the applicant over the time employed to determine whether during that time the applicant was capable of substantial gainful activity.")).

In this case, Plaintiff worked at two different jobs in 2013, with the job at Home Depot lasting three months, and the car sales job lasting less than five months. In addition to the ALJ failing to articulate why the Home Depot job constituted SGA since it lasted only three months, see Conwell v. Commissioner of Social Security, 2015 WL 9872213, at *8 (S.D. Ohio 2015) (citing 20 C.F.R. § 404.1574(a)(1)) (noting that employment periods of three months or less are often considered not to be substantial gainful activity), the ALJ did not explain why Plaintiff's earnings from

16

the Home Depot job and the car sales job should not be averaged

for three months and five months, respectively or in combination

for a total of eight months, rather than combined and averaged

over twelve months.  The ALJ erred in this regard.  See, e.g.,

Shepard v. Astrue, 2011 WL 5419852, at *5 (D. Vt. 2011) (remanding

the matter to the ALJ, finding that even though significant

changes in Shepard's earnings (and thus application of 20 C.F.R. §

416.974a(c)) perhaps could justify the ALJ's failure to average

Shepard's earnings over the entire period of work, but it could

not be discerned from the ALJ's decision or the record as a whole

that the ALJ actually applied and relied on this regulation as a

basis for averaging Shepard's earnings merely over certain

quarters of work) (citing Yonts v. Barnhart, 2004 WL 1005690, at

*4 (N.D. Ill. May 4, 2004) ("The problem is that the ALJ's

decision gives no indication [as to how] she applied the

regulations ..., that she ever calculated average monthly

earnings, or that she ever considered the other factors specified

in [the regulations].")); Kwiatkowski v. Astrue, 2012 WL 1378653,

at *5 (N.D. Ill. 2012) ("[E]ven assuming that averaging

Plaintiff's Wal-Mart earnings during 2008-2009 was not

appropriate, the ALJ should have discussed why he opted not to do

so. Instead, the ALJ did not make a finding of any material

changes in Plaintiff's earnings or work patterns, and it is not clear why he chose to report Plaintiff's monthly earnings in the matter that he did.").

This failure is compounded by the fact that the ALJ did not opine on whether Plaintiff's impairments caused him to perform his work in an unsatisfactory manner such that it did not constitute SGA, and then relied up on this SGA to cast doubt on Plaintiff's credibility.[5]  Plaintiff claims that even though he attempted to work, he was unsuccessful due to a traumatic brain injury that resulted in the inability to regulate his anger and emotions.  The ALJ determined that Plaintiff's claimed inability to work was undermined by his SGA in 2013, but the ALJ's decision does not explain how these two periods of employment supported that conclusion.  The ALJ recounts some medical evidence from various time periods (1999, 2001, 2004, 2013, 2014, 2015) and testimony of Plaintiff and his mother, but he does not tie that evidence to

_____

[5] Plaintiff argues that the miscalculation is significant because the ALJ's decision appears to conclude that Plaintiff worked continuously until December 2013, and only adjudicated disability from that point on, rather than from his alleged disability onset date of January 5, 2012.  Plaintiff also argues that even if the ALJ's calculation was correct, the ALJ did not adjust Plaintiff's last insured date accordingly.  The Court need not address these arguments, except to note that on remand the ALJ should be clear about the period of disability he is assessing and based on that assessment, properly determine Plaintiff's last insured date.

Plaintiff's SGA determination.

Earnings alone are not dispositive of the presumption of substantial gainful activity, and the presumption can be rebutted by evidence of the nature of the claimant's work, the conditions of employment, and the adequacy of the claimant's performance. 20 C.F.R. §§ 404.1573, 416.973(b). Plaintiff presented evidence to support why he was not successful at his two jobs in 2013, but the ALJ skipped over the rebuttable presumption analysis at Step One, deemed - without further elaboration as to Plaintiff's performance - that those jobs were SGA, and then used that SGA determination to discredit Plaintiff's total disability claim. This also was in error. See, e.g., Disalvatore v. Colvin, 2016 WL 5019178, at *8-9 (S.D. Ala. 2016) ("While the Court is confident that the evidence of the Plaintiff's earnings in this case raises a rebuttable presumption that she was gainfully employed as a bookkeeper, without an analysis of the evidence she presented that she was working under special conditions and that her earnings should have been adjusted downward, the record does not provide substantial evidence to support the implicit findings of the ALJ that even if Plaintiff worked under the special conditions she described, her prior work as a bookkeeper was performed at a level of substantial gainful employment, thus meeting the criteria for past relevant

work.  On remand, the Commissioner will have an opportunity to

consider this argument by the Plaintiff in greater detail.");

Heavens v. Colvin, 2016 WL 1274074, at *2–3 (C.D. Cal. 2016)

(noting that the SGA factors to be considered in addition to the

amount earned include the nature of the work performed, how well

the claimant performs the work, whether the work is done under

special conditions, whether the claimant is self-employed, and the

amount of time spent working, and finding that the ALJ failed to

discuss any of these factors in his decision, and treated

Plaintiff's past work as substantial gainful activity without a

proper explanation); Hensley v. Colvin, 2015 WL 3572557, at *6

(E.D. Cal. 2015) (noting that "[i]f the ALJ fails to identify any

particular evidentiary or testimonial evidence to support the

conclusion of substantial gainful activity despite earnings below

the presumptive amount, the conclusion is not supported by

substantial evidence and the district court must reverse," and

finding that "[i]n the absence of any evidence or analysis of

Plaintiff's earnings as a demonstrator in 1997, 1998, and 1999,

the Court cannot conclude that the ALJ's determination was

supported by substantial evidence"); Andino v. Commissioner, 2013

WL 3354429, at *7 (D.N.J. 2013) (finding that the ALJ failed to

adequately assess the plaintiff's disability claim past the first

step of the five-step disability analysis because the ALJ's decision relied heavily on quantitative data, or the amount per month that Plaintiff earned as well as the number of hours she worked, in deeming that Plaintiff did, and is indeed capable of performing SGA, but in making such an assessment, the Commissioner should have also evaluated the qualitative factors in the plaintiff's claim).

When an ALJ has failed to apply the correct legal standards and his conclusions are not supported by substantial evidence, the Court must decide whether to remand the case for rehearing or to reverse and order an award of benefits. Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 99 (1991). Because the evaluation of a claimant's substantial gainful activity is based on regulated calculations[6] and the evaluation of the claimant's evidence, the proper course in this action is to remand the matter to the Commissioner for further consideration. We express no opinion as to the proper outcome of further proceedings.

---

[6] <u>See</u> SSA's Substantial Gainful Activity calculator at
https://www.ssa.gov/OACT/COLA/sga.html.

### III. Conclusion

For the reasons expressed above, the ALJ's determination that Plaintiff was not totally disabled was based, in part, on the ALJ's erroneous Step One analysis.  Therefore, the Court will reverse the decision of the Commissioner, and remand the matter for further consideration consistent with this Opinion.

An accompanying Order will be issued.


Date: September 28, 2017              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.